**The ERECTION COMPANY, INC., a Washington corporation, Plaintiff–Appellant,**

**v.**

**W & W STEEL, LLC, a Delaware limited liability company, Defendant–Appellee.**

No. 11–35949.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2013.

Filed March 21, 2013.

Jason Webb Alexander, Sussman Shank LLP, Portland, OR, Artthur D. McGarry, Esquire, Oles Morrison Rinker & Baker, Seattle, WA, for Plaintiff–Appellant.

Leonard J. Feldman, Esquire, Stoel Rives, LLP, Seattle, WA, Eric A. Grasberger, Stephen P. Kelly, Rachel C. Lee, Stoel Rives LLP, Portland, OR, for Defendant–Appellee.

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM *

The Erection Company (TEC) appeals the district court's denial of its petition to compel arbitration and grant of W & W Steel's (W & W) motion for partial summary judgment. The Federal Arbitration Act authorizes an appeal from an order denying a petition to compel arbitration, 9 U.S.C. § 16(a)(1)(C), and the district court certified its partial summary judgment as a final judgment, *see* Fed.R.Civ.P. 54(b). We therefore have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. TEC's argument that the parties entered into a contract which contained an arbitration clause fails. W & W unequivocally expressed in its January 28, 2011, Letter of Intent that it intended to be bound only when a written subcontract was signed by both parties. No such written subcontract was ever signed by both parties. Nonetheless, TEC argues that the parties entered into a binding contract through their email communications on

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

April 6, 2011. There was no contract formed on April 6, 2011 because there was no meeting of the minds on a set of terms. *See Phillips v. Johnson*, 266 Or. 544, 514 P.2d 1337, 1343 (1973) ("[B]efore there can be a valid contract there must be a meeting of the minds as to all of its terms...."). Because the parties did not enter into a contract which provided for disputes to be resolved through arbitration, the district court did not err in denying TEC's petition to compel arbitration.

2. TEC has not raised a triable issue of material fact as to whether the parties formed a contract through their words and conduct prior to the April 6, 2011 negotiations. The district court therefore did not err in granting summary judgment to W & W on TEC's breach of contract claim.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.